## UNITED STATES *v.* WEEDON and others.

*(Circuit Court, D. Maryland.* July 27, 1880.)

1. INTERNAL REVENUE—STAMPS—FRICTION MATCHES—MEMBER OF MANUFACTURING FIRM—REV. ST. § 3425.—Section 3425 of the Revised Statutes provides, in effect, that the commissioner of internal revenue may, from time to time, deliver to any manufacturer of friction matches a suitable quantity of adhesive stamps, such as are required in that business by law, without requiring prepayment therefor, on a credit of 60 days, upon such security as he may deem sufficient. *Held,* that a person who is a member of a firm engaged in the manufacture of friction matches, is a manufacturer of friction matches, with whom the government may deal as such.

2. SAME—REVENUE AGENT—EVIDENCE.—Evidence in this case *held* insufficient to establish the fact that the stamps were furnished such person as an internal revenue agent.

*A. Sterling, Jr.,* for plaintiff.

*F. W. Brune, S. T. Wallace,* and *B. W. Mirter,* for defendants.

BOND, C. J. This is a writ of error from the district court to the circuit court, alleging errors in the instructions of the district court to the jury at the trial of the cause. The suit was brought by the United States upon a bond given by one James H. Weedon, as principal, and Anderson H. Armistead, George C. Hicks, and John I. Armistead, as sureties, which was conditioned as follows:

"The condition of the foregoing obligation is such that, whereas, the said James H. Weedon is a manufacturer of friction matches;

"And, whereas, under the provisions of the one hundred and sixty-first section of an act entitled 'An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,' approved June 30, 1864, the commissioner of internal revenue is authorized from time to time to furnish, supply, and deliver to any manufacturer of friction or other matches, cigar lights, or wax tapers a suitable quantity of adhesive or other stamps, such as may be prescribed for use in such cases, without prepayment therefor, on a credit not exceeding 60 days, requir-

ing in advance such security as he may judge necessary to secure payment therefor to the treasury of the United States within the time prescribed for such payment;

"And, whereas, adhesive stamps have been delivered, or hereafter may be delivered, to said James H. Weedon, by virtue of said authority:

"Now, therefore, if the said James H. Weedon shall, on or before the tenth day of each and every month, make a statement of his account upon form $55\frac{1}{2}$ of the internal revenue bureau, and upon such other form or forms as may hereafter be added thereto, or upon such other form or forms as may hereafter be submitted therefor, showing the balance due at the commencement of the month, the amount of stamps receive and the amount of money remitted by him during the month, and the balance due from said James H. Weedon at the close of the month next preceding, and shall do and perform all other acts of him required to be done in the premises, according to law and regulations; shall well and truly pay or cause to be paid to the treasurer of the United States, for the use of the United States, all and every such sum or sums of money as he, the said James H. Weedon, may owe to the United States for adhesive or other stamps which have been or shall be delivered to him, or which have been or shall be forwarded to him, according to his request or order, within the time prescribed for payment for the same according to law, and shall and will pay or cause to be paid to the said treasurer, for the use aforesaid, each and every sum of money as shall become due or payable to the United States, at the time and on the days each sum shall respectively become due or payable, then the above obligation to be void and of no effect, otherwise to be and remain in full force and virtue."

The pleas filed were *nil debit*, and that the loss, if any, was the fault of the plaintiff, and not that of defendants. Errors in pleading were waived.

To support the issue on the part of the plaintiff the district attorney offered in evidence the transcript of the account of James H. Weedon with the treasury department, as certified

by the comptroller of the treasury; and also offered in evidence the written orders signed by Weedon for the stamps furnished, and Weedon's receipts for them. Each of said orders is in the words following, or words to the same effect: "Please send $3,000 worth of one-cent stamps of my private die, Mo. Match Co. Respectfully, James H. Weedon." And the receipts for the stamps are in the words following, or words to like effect, which will not vary the question to be decided here: "Your letter of September 21, 1872, has been received. I am also in receipt of the United States internal revenue stamps therein referred to, amounting to $3,300, in satisfaction of my order under date of September 18, 1872. I am, very respectfully, [signed,] James H. Wheedon. To Commissioner of Internal Revenue, Washington, D. C."

The defendants, to support the issue on their part, offered in evidence an account sent to the defendant Weedon from the treasury department, charging him with a like amount of stamps, calling him in the account James H. Weedon, match manufacturer, internal revenue stamp agent. It was further shown by defendants that, at the date of the bond, and during all the time he received stamps, Weedon was a member of the firm of Weedon, Armistead & Co., and did no business as a match manufacturer except as a member of the firm, and that the stamps ordered and received by him were used by that firm. It was in proof, also, that at the time of the execution of the bond in suit all the sureties thereto knew that he so carried on the business of match manufacturer as a member of the firm of Weedon, Armistead & Co.

These are all the facts necessary to determine the question raised by the instructions of the district court. The defendants prayed the court to instruct the jury as follows: "If the jury believe, from the evidence, that the defendant Weedon, at the time of the execution of the bond sued upon, and thenceforward, down to the time of the last delivery of stamps given in evidence, was a member of the firm of Weedon, Armistead & Co., who were manufacturers of matches, and that said Weedon, except as a member of said firm, and in conjunction with his partner, John I. Armistead, was not

a manufacturer of matches, or engaged in manufacturing matches, during any part of that time, and that all the stamps proved to have been furnished to Weedon were purchased by him for the use of said firm only, and used exclusively therefor and not otherwise, and that was known to the plaintiff prior to the furnishing of the stamps, which remain unpaid for; that said Weedon was engaged in manufacturing matches as a member of said firm of Weedon, Armistead & Co., and not otherwise,—then the plaintiff is not entitled to recover in this action against the defendants upon the bond given in evidence."

By section 3425 of the Revised Statutes it is provided that the commissioner of internal revenue may, from time to time, deliver to any manufacturer of friction matches a suitable quantity of adhesive stamps, such as are required in that business by law, without requiring prepayment therefor, on a credit of 60 days, upon such security as he may deem sufficient. And the same section, by which alone the commissioner of internal revenue was authorized to deliver on credit to match manufacturers the proper stamps, allows each manufacturer to provide his own die or impression, which is to be his trade-mark until he changes it, and which he might lawfully put on articles manufactured by him, or upon articles purchased from others which he thought sufficiently well manufactured as to make him willing to sell them as his own manufacture.

The sole question, therefore, under the first prayer of the defendants, is whether or not a person who is a member of a firm engaged in the manufacture of friction matches, is a manufacturer of friction matches with whom the government may deal as such. There is no requirement of the statute that the stamps sold to a person shall be used by him individually. These stamps were sold upon the order of Weedon, receipted for by him, and used by him in his firm; his partner and himself being engaged in the manufacture of friction matches. If Weedon was not a manufacturer, neither was Armistead, nor the company of which the firm was composed. So it appears that while a large amount of stamps were used for the proper stamping of friction matches, made and sold

by this firm, there was no one engaged in production of the matches who could be styled a match manufacturer. To state this proposition, it seems to me, is to refute it. It was unnecessary that all of the members of the firm should apply for stamps; one of the copartnership was sufficient. He was a manufacturer of matches, assisted by his partners, and the bond given to secure the payment of the amount ordered by him as a manufacturer of matches is responsible for the value of those he obtained by virtue of its security. The court granted the prayer of the defendants upon this point, and, I think, did so erroneously.

The defendants asked the court, in the second place, to instruct the jury that the plaintiff could not recover, in this action, for any stamps delivered to Weedon as an agent of the plaintiff, or in the double capacity of agent and manufacturer of matches. In the accounts offered in evidence by the defendants, furnished Weedon from the treasury department, and in that offered by plaintiffs, he is styled "Match Manufacturer and Internal Revenue Agent." This was the only proof of his being a revenue agent. All the stamps furnished him were furnished upon his own orders as "Match Manufacturer." It was for these, or the value of them, that the bond was sued.

There was no evidence that he had ever been appointed revenue agent. The fact that he was so styled in the accounts offered in evidence, sent him from the treasury by any officer of that department, does not bind the government. The proof shows that he received no stamps as revenue agent, sent to him as such, for any purpose, and the court should not have granted the prayer which it did, which was likely to mislead the jury, and which there was no evidence to support.

The judgment of the district court is reversed, and the cause remanded for a new trial.